UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY TURNER, Plaintiff, | ) | No. 1:25-cv-1663 |
| -v- | ) | Honorable Paul L. Maloney |
| PACE OF SOUTHWEST MICHIGAN, INC., Defendant. | ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION**

Plaintiff Jeremy Turner, without the assistance of counsel, sued his former employer, PACE of Southwest Michigan. Defendant PACE filed a motion to dismiss. ECF No. 19. The Magistrate Judge issued a report recommending the court grant Defendant's motion. ECF No. 23. Plaintiff objects. ECF No. 24. The court will adopt in part and reject in part the report and recommendation. The court will dismiss Plaintiff's claims for FMLA interference, constructive discharge, and ADA confidentiality.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Important to resolving the objections, the court briefly summarizes some of the rules and legal standards relevant to the motion and the objections. This Court must liberally construe the pleadings and other filings of pro se parties. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citation omitted).

Rule 8 of the Federal Rules of Civil Procedure sets forth the requirements for a pleading. The complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule requires a plaintiff to allege facts that give fair notice of the nature of the claim and the grounds on which it rests. *In re E.I. du Pont de Nemours and Co.*, 87 F.4th 315, 320 (6th Cir. 2023). Rule 10(c) provides that a written instrument attached to a pleading "is part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see Hensley Mfg. v. ProPride, inc.*, 579 F.3d 603, 613 n.7 (6th Cir. 2009) (explaining that "exhibits attached to the complaint are considered part of the complaint for the purposes of a motion to dismiss."); *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, (6th Cir. 2002) (explaining that, under Rule 10(c), by attaching exhibits to a complaint, the plaintiff "makes them an integral part of the pleadings for all purposes.") (quoting 5 Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1327 (2d ed. 1990)).

For a Rule 12(b)(6) motion, the factual allegations in the complaint must be construed in favor of the plaintiff. *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024). The court must draw all reasonable inferences in favor of the plaintiff.

*Crosby v. Univ. of Kentucky*, 863 F.3d 545, 549 (6th Cir. 2017). And, for a Rule 12(b)(6) motion, those exhibits attached to the complaint must also be construed in the light most favorable to the plaintiff. *Never Tell Farm, LLC v. Airdrie Stud, Inc.*, 123 F. App'x 194, 197 (6th Cir. 2005).

Finally, "there is no general right to discovery upon the filing of a complaint." *Yuhasz v. Brush Wellman, inc.*, 341 F.3d 559, 566 (6th Cir. 2003). The fact that a defendant might have control over relevant evidence does not alter the requirement that a plaintiff plead facts to support a plausible claim. "The very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Id.* (citation omitted).

Plaintiff filed an amended complaint, which functions as the controlling pleading. ECF No. 10-1 Compl.

B.

1. Count 1 – Sex Discrimination (Count 1)

The Magistrate Judge found that Plaintiff's factual allegations were too conclusory to state a plausible claim for discrimination based on Plaintiff's sex. Plaintiff objects.

The court agrees with Plaintiff and will not dismiss his claim for sex discrimination. While not detailed, the complaint provides sufficient factual information to give notice to Defendants and to state a plausible claim. Plaintiff pleads that he was assigned tasks that were more physically demanding than tasks assigned to female caregivers. He identifies at least one of those tasks, showers at the Day Center. And, he alleges that the assignments were made because of his sex.

2. Disability Discrimination (Count 2)

The Magistrate Judge found that Plaintiff failed to sufficiently allege he was disabled under the ADA, failed to allege that he could perform the duties of his position with or without a reasonable accommodation, failed to allege that his disability played any part in an adverse employment action, and failed to allege that he requested an accommodation for his disability. Plaintiff objects.

The court agrees with Plaintiff and will not dismiss his claim for disability discrimination. Plaintiff pleads that he suffers from asthma and that Defendant was aware of Plaintiff's condition. He explicitly pleads that his asthma and chronic gastrointestinal conditions qualified as disabilities. Plaintiff does not explicitly plead that his disabilities factored into any employment decision. However, the exhibits attached to the complaint establish that Plaintiff complained about being transferred to the Day Center because of the shower situation, which aggravated his asthma. *See* ECF No. 12-22 PageID.97. Plaintiff also attached a document from his doctor about Plaintiff's need for intermittent FMLA leave based on his asthma and his gastrointestinal issues. ECF No. 12-9 PageID.69-71. The doctor indicates that Plaintiff would be unable to work during episodes only. *Id.* PageID.70. The allegations in the complaint and the exhibits provide sufficient notice to Defendant about a failure to accommodate claim and include sufficient facts for a plausible claim.

3. Retaliation (Count 3) and FMLA Interference (Count 4)

The Magistrate Judge found that Plaintiff did not state a claim for retaliation because the alleged acts of retaliation occurred before the alleged protected conduct. The Magistrate Judge found that Plaintiff did not plead facts to establish one element of his claim for FMLA

interference. Specifically, the Magistrate Judge found that Plaintiff did not allege that Defendant denied his FMLA benefits or interfered with FMLA rights to which he was entitled. Plaintiff objects to the findings and recommendation for both causes of action.

a. FMLA Interference

The court denies Plaintiff's objection concerning the FMLA interference claim. The Sixth Circuit recognizes two causes of action under the FMLA: (1) an interference or entitlement claim and (2) a discrimination or retaliation claim. *Seeger v. Cincinnati Bell Tele. Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012). The two claims have different elements. The Magistrate Judge explained why Plaintiff failed to plead facts for an interference claim. Plaintiff's objection does not address the problem identified by the Magistrate Judge. Plaintiff did not plead facts to show how Defendant interfered with FMLA benefits.

b. Retaliation

The court agrees with Plaintiff and will not dismiss Plaintiff's retaliation claim. In his objection, Plaintiff identifies specific protected conduct and the resulting retaliatory action. Plaintiff asked for and Defendant approved intermittent FMLA leave, which qualifies as protected conduct. After the approval, Defendant reassigned Plaintiff to the Day Care Center where he had to perform more onerous tasks and lost opportunities for overtime. Plaintiff's objection addresses the issue identified by the Magistrate Judge. Plaintiff pleads facts to state a plausible claim for FMLA retaliation.

4. Constructive Discharge (Count 5)

The Magistrate Judge recommends dismissing this claim because constructive discharge is not a stand-alone cause of action. Plaintiff objects.

The court denies Plaintiff's objection. Plaintiff's objection does not address the reasoning in the report and recommendation. The law does not recognize constructive discharge as an independent cause of action.

5. ADA Confidentiality (Count 6)

The Magistrate Judge found that Plaintiff did not plead facts to support this cause of action. Plaintiff asserts that Defendant disclosed some of the medical information collected as part of his pre-employment paperwork. But, Plaintiff did not identify the employee who disclosed the information or to whom the information was disclosed. Plaintiff also neglected to allege a tangible injury resulting from the disclosure. Plaintiff objects.

The court denies Plaintiff's objection. Plaintiff does not object to the Magistrate Judge's finding that Plaintiff did not plead a tangible injury. To establish a claim for the unlawful disclosure of information under 42 U.S.C. § 12112(d), a plaintiff must show a tangible injury. *Mullin v. Sec'y, U.S. Dep't of Veterans Affairs*, 162 F.4th 1296, 1314 (11th Cir. 2025). The plaintiff must "'at least show some damages (emotional, pecuniary, or otherwise.'" *Id.* at 1313-14 (quoting *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1216-17 (11th Cir. 2010)). A plaintiff does not establish "damages liability" simply by showing "a mere violation" of § 12112(d). *Id.* (collecting cases). Plaintiff did not allege a tangible injury and does not address this deficiency in his objection.

C.

The court **ADOPTS in part and REJECTS in part** the report and recommendation. ECF No. 23. The court **GRANTS IN PART** Defendant's motion to dismiss. ECF No. 19. The court dismisses Plaintiff's claims for FMLA interference, constructive discharge, and ADA confidentiality because the complaint does not plead facts to support those claims. The court declines to dismiss Plaintiff's claims for sex discrimination, disability discrimination, and FMLA retaliation.

**IT IS SO ORDERED.**

Date: August 21, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge